996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David BELL, Plaintiff-Appellant,
v.
STUART JAMES COMPANY INC.; Harvey Nelson; Joseph Tucillo,
Defendants-Appellees.
 No. 91-56419.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Bell appeals pro se the district court's summary judgment in favor of the defendants in Bell's action alleging misrepresentations and omissions of material facts and manipulation of stock prices, in violation of section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.[1] We review de novo the district court's summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
 
 
 4
 Bell claims in his brief that defendants Stuart-James and Nelson failed to disclose their ownership or control of the stock he purchased. He also appears to claim that by failing to disclose such information the defendants misrepresented to him that he was purchasing stock from a third party, rather than from the defendants directly.
 
 
 5
 To prevail on a claim for violation of section 10(b) of the Securities Exchange Act of 1934 and 17 C.F.R. § 240.10b-5, a plaintiff must prove that in connection with his purchase or sale of a security, the defendants misrepresented a material fact on which the plaintiff relied, or failed to disclose a material fact. See Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990). "To succeed on a 10b-5 claim based upon a material nondisclosure, a plaintiff need not show reliance ... but must still show that the facts concealed were material." Id. at 963-64 (quotation omitted). For purposes of section 10(b) and fraudulent misrepresentation claims, a fact is material if a reasonable person would attach importance to it in determining a choice of action. Id. at 964.
 
 
 6
 Bell and his wife purchased Denpac stock from Stuart-James and Nelson between March 1985 and December 1987. Prior to purchasing Denpac stock through Stuart-James, Bell had firsthand knowledge of the operations of Denpac Corporation through conversations with his brother, Dr. A. Milton Bell, president of Denpac Corporation, and from his own observation of the company's operations. Based upon this knowledge, Bell stated that he was willing to pay up to $.50 per share for Denpac common stock. In addition, Bell knew that the value of Denpac stock had declined by approximately 50% between the time of his first purchase and his purchase in December of 1987.
 
 
 7
 The defendants moved for summary judgment on the ground that Bell's admissions in his deposition demonstrate that he cannot prove the requisite elements of reliance, materiality and causation necessary to support his claim. Bell's deposition testimony demonstrates that he did not attach significance to the defendants' alleged misrepresentations or omissions because he made his investment decisions based on information received from his brother. Bell's testimony indicates that none of the statements made by the defendants concerning the market price of the security or the identity of the person from whom the securities were purchased were material to his investment decisions. See Smolen, 921 F.2d at 963-64.
 
 
 8
 Moreover, even if the fact that the defendants acted as a market-maker were material to Bell's decision to purchase the stock, the defendants offered affidavits and other evidence showing that they disclosed their status as a market-maker in compliance with the Securities and Exchange Act.[2] In the face of deposition testimony presented by the defendants and the other evidence offered, Bell bears the burden of raising a genuine issue of fact. See Fed.R.Civ.P. 56(e). Bell has failed to meet this burden. Bell has offered no substantive evidence which raises an issue of fact regarding materiality or reliance. See Anderson, 477 U.S. at 250.
 
 
 9
 Bell also contends that the district court erred by granting summary judgment before he could complete discovery. This contention lacks merit. On this record, Bell cannot seriously claim that he was in any way "railroaded" by a premature motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).
 
 
 10
 Bell commenced this action in January 1990. Defendants filed for summary judgment in September 1991. The parties conducted discovery over that 21-month period of time. Thus, Bell had ample opportunity for discovery. At a hearing on Bell's motion to join indispensable parties, the district court warned that he would receive sanctions if he filed any more frivolous motions. He appears to argue that the district court's warning denied him the opportunity to pursue discovery. This claim must also fail.
 
 
 11
 In general, the Federal Rules of Civil Procedure disfavor the denial of an opportunity for discovery if the party opposing summary judgment makes a timely application identifying relevant information and where there is some basis for believing that the information sought actually exists. See Church of Scientology of San Francisco v. I.R.S., Nos. 91-15730, 91-15734, slip op. 3773, 3779 (9th Cir. Apr. 16, 1993). The determinative inquiry is whether the party opposing the motion has made a sufficient showing that further discovery would raise a triable issue of fact. See Visa Int'l Serv. v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir.1986). Bell has not identified any relevant information. Nor has he shown that such information actually exists, beyond mere speculation. See id. Therefore, the district court properly granted summary judgment in favor of the defendants. Id.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court has stayed the appeal as to Stuart-James pursuant to 11 U.S.C. § 362. Joseph Tucillo was dismissed from this action by summary judgment. Bell raises no issues regarding that dismissal on appeal
 
 
 [2]
 The Securities and Exchange Act defines a "market-maker" as a dealer who holds himself out as willing to buy and sell a security for his own account on a regular or continuous basis. 15 U.S.C. § 78c(a)(38)
 
 
 [3]
 Because we affirm the district court's grant of summary judgment in favor of the defendants, we need not address the issues of class certification, joinder of indispensable parties and statute of limitation